1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVARO PASTOR-NARCIZO,<br><br>Defendant. | Case No. 19-mj-024548-LL-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING DEFENDANT'S CONVICTION AND SENTENCE (ECF No. 54)** |

Defendant pled guilty, without the benefit of a plea agreement, to attempted illegal entry into the United States in violation of Title 8 U.S.C. § 1325(a). (ECF Nos. 51, 59.) He was immediately sentenced to time served. (ECF Nos. 52, 59.) Defendant now appeals that conviction arguing: (1) Section 1325 is facially unconstitutional in light of *United States v. Morales-Sanchez*, 137 S. Ct. 1678 (2017); (2) Section 1325 violates the non-delegation doctrine and should be declared void for vagueness; and (3) when the Magistrate Judge advised Defendant of the elements of the offense, she omitted the requirement that Defendant knew he was an illegal alien at the time of his attempted entry. (ECF No. 60.) The Government opposes (ECF

No. 62), and Defendant replies (ECF No. 63). For the reasons stated below, the Court **DENIES** the Appeal and **AFFIRMS** the conviction and sentence.

## I. BACKGROUND

At the time Defendant pled guilty to the Complaint, the Magistrate Judge had the Assistant U.S. Attorney advise Defendant of the elements of the crime to which he was pleading guilty. The AUSA listed the elements as: (1) Defendant "was an alien at the time of his attempted entry into the United States"; (2) "Defendant had the specific intent to enter the United States at a specific time or at a time and place other than as designated by immigration officers"; (3) Defendant "had the specific intent or the conscious desire to enter the United States free from official restraint, meaning that the Defendant intended to enter without being detected so he could roam freely in the United States"; and (4) "Defendant did something that was a substantial step towards committing the crime and that strongly corroborated the Defendant's intent to commit the crime." (ECF No. 59, 4:21–5:9.) Defense counsel objected arguing that the Government additionally needed to show that Defendant knew he was undocumented and here illegally. (*Id.* 5:16–24.) The Magistrate Judge overruled the objection. (*Id.* 6:1–2.)

## II. LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* The Defendant's appeal in this case was timely filed.

## III. ANALYSIS

### A. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have

held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### B. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the officials' discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123

(alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries."   As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry.  *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017).  Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act.  *See* 8 C.F.R. § 100.4(a).  Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission.  *Aldana*, 878 F.3d at 882.  To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id.*  Therefore, this Court agrees that Section 1325 making it illegal for an individual to enter the United States other than at a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague.  "A statute can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . .  Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."  *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973).  In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so large that law enforcement is able to pick and choose who to arrest.  *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited.  Individuals must enter the United States through a designated Port of Entry.  Failure to do so by one who is not a citizen of the United States is a

violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the argument that the statute is vague must fail.

### C. Knowledge of Alienage Is Not an Element of Section 1325

Citing *United States v. Hernandez*, 504 F. App'x 647 (9th Cir. 2013) (unpublished), and *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005), Defense counsel argues that the Magistrate Judge violated Rule 11 when omitting an element of Section 1325. According to defense counsel, it was insufficient to simply list that Defendant was not a citizen or national of the United States at the time of the attempted illegal entry, but the Magistrate Judge should have advised Defendant additionally that at the time of the illegal entry, Defendant knew he was an alien.

Both *Hernandez* and *Smith-Baltiher* concerned whether a defendant could present a good faith, if mistaken, belief that he was a citizen at the time of his illegal entry in a Section 1326 prosecution. In each case, a defendant came to the Port of Entry claiming that he had a legal right to enter the United States when he had no such right. The Ninth Circuit ruled the defendant could raise a defense that he had a true, if mistaken, belief that he had the right to cross into the United States because in a Section 1326 prosecution, the Government is required to prove that the defendant had the specific intent to enter the United States without permission. The fact that a defendant may have thought he had a legal right to enter could negate this intent.

As a preliminary matter, there is little question in this case that the Defendant did, in fact, know he was not a not a citizen or national of the United States at the time of his illegal entry. He admitted, not only that he was not a citizen or national, but that he intended to sneak across the border, at a place not designated as a Port of Entry without being detected by the U.S. Government. It strains credulity that an individual who thought he had a legal right to be in the United States would take such steps to cross illegally.

1        Second, the elements of Section 1325(a) are different than that of Section 1326(a). In a Section 1325(a) prosecution, the key is whether the defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers. In a Section 1326(a) prosecution, the key is whether the defendant had the specific intent to enter the United States without the consent of the U.S. Attorney General. Thus, a defendant can be prosecuted for an attempt to violate Section 1326 if he comes to a Port of Entry and falsely claims U.S. citizenship. Not so for a Section 1325 prosecution. A Section 1325 prosecution requires that a defendant not enter through a Port of Entry. Thus, in both *Hernandez* and *Smith-Baltiher*, the defendant, who came to the Port of Entry and claimed U.S. citizenship, should have been allowed to present evidence that he believed this was true. There is no such corresponding element in a Section 1325 prosecution.

       Finally, there is no requirement that a judge, when taking a plea, outline all possible defenses to a defendant before the plea can be accepted. The judge is only required to lay out the elements of the offense, which in this case, was done.

       Defense counsel argues further that the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), required the Magistrate Judge to add an element of knowledge of alienage to the Section 1325 elements. *Rehaif* concerned the scope of the word "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section 1325.

       Furthermore, the Court in *Rehaif* was particularly concerned that failure to incorporate a scienter requirement would result in prosecution of innocent conduct. No such concern exists here. By admitting that he was not a citizen or national and was sneaking across the border, Defendant admitted conduct that suggested he had the required knowledge. Therefore, there is no likelihood the Government was prosecuting innocent conduct.

Accordingly, *Rehaif* is distinguishable, and there is no requirement that the Government prove a defendant knew he was an alien at the time he attempted to enter the United States at a place not designated by immigration officers.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision (ECF No. 54) and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED.**

**DATED: January 27, 2021**

Hon. Cynthia Bashant
United States District Judge